**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01238-KMT

VALERIE McNAUGHTON,

Plaintiff,
v.

CITY AND COUNTY OF DENVER

Defendants.

---

# SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in the above-referenced matter was held before United States Magistrate Judge Kathleen M. Tafoya on July 12, 2016, at 9:45 A.M. in Courtroom C-201 of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado. Appearing for the parties were Charlotte Sweeney or Ariel DeFazio of Sweeney & Bechtold, LLC, 650 S. Cherry St., Ste. 610, Denver, Colorado 80246, (303) 865-3733, on behalf of Plaintiff, and Timothy M. Kratz and Veronica von Grabow of Jackson Lewis P.C., 950 17th Street, Suite 2600 Denver, Colorado 80202, (303) 876-2210 on behalf of Defendant.

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, in that this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) *et seq.*

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff Valerie McNaughton claims that Defendant City and County of Denver ("CCD") subjected her to unequal pay based on her sex and then retaliated against her after she complained about this illegal treatment in violation of the Equal Pay Act of 1963, as amended ("Equal Pay Act"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

Plaintiff has worked for CCD in its Career Service Hearing Office ("Hearing Office") since she was hired as the Lead Hearing Officer in April 2004. Shortly thereafter, her title was changed to Chief Hearing Officer. In that position, Plaintiff was responsible for the administration, budget, personnel, and overall operation of the Hearing Office, which became an independent agency in 2006. Plaintiff and the other Hearing Officer, Bruce Plotkin, who was hired about two weeks after Plaintiff, were both responsible for hearing and adjudicating half of the Hearing Office's case load of cases brought by CCD employees who are covered under CCD's Career Service personnel system. At no point during his employment did Plotkin have any additional duties. In February 2008, Plaintiff also took over the administration of CCD's employment mediation program.

The Career Service Board (CSB), which consists of five Denver citizens appointed by the mayor, oversees the Hearing Office and supervises and evaluates Plaintiff and Plotkin. The CSB has used different metrics and categories to evaluate Plaintiff and Plotkin's performance and it has not shared the criteria according to which it evaluates Plaintiff or provided Plaintiff with the opportunity to rebut the information that CSB uses to support its evaluations.

Although Plaintiff was initially paid more than Plotkin, this changed in 2010 when the CCD reclassified both Plaintiff and Plotkin's positions and increased Plotkin's annual salary to the same level as Plaintiff while Plaintiff received no raise that year. Since 2010, CCD raised Plotkin's salary at a higher rate than Plaintiff's. By January 2014, Plotkin's annual salary was $4,300 more than Plaintiff's and he had received significantly more in raises than Plaintiff. Since 2010, Plaintiff has also been paid substantially less in benefits. This pay disparity between Plotkin and Plaintiff continues to the present.

When Plaintiff complained to the CSB about this pay gap in November 2013, the CSB responded that the difference in pay was allegedly based on performance issues that were raised with Plaintiff in December 2011. (The CSB offered no explanation, however, as to why Plotkin received a raise of nearly $7,000 in 2010 while Plaintiff received no raise at all.) The 2011 purported performance issues consisted of minor complaints from the Hearing Office administrator and paralegal about Plaintiff that Plaintiff had addressed promptly upon learning of the employees' concerns. Despite Plaintiff's efforts to mitigate the situation, the CSB gave Plaintiff a "below expectation" rating in March 2012 for her 2011 annual review, which is the only "below expectation" rating that Plaintiff has received during her employment with CCD.

CCD retaliated against Plaintiff following her complaint about the pay disparity between her and Plotkin. First, in December 2014, the CSB told Plaintiff that she was not and had never been the Chief Hearing Officer and that the pay inequity between her and Plotkin would not be rectified. Then, the CSB reclassified Plaintiff's and Plotkin's positions in January 1, 2014, placing Plaintiff at the lowest point in that classification and giving Plotkin a higher salary by $4,000 per year.

Plaintiff filed charge of discrimination number 541-2014-00730 in February 2014 with the U.S. Equal Employment Opportunity Commission ("EEOC") in which she alleged that she was discriminated against based on sex and retaliated against for complaining about this illegal treatment in violation of the Equal Pay Act and Title VII. In response to Plaintiff's charge of discrimination, CCD claimed that Plaintiff had: unilaterally given herself the title of Chief Hearing Officer, performed the administrative duties associated with managing the Hearing Office as a volunteer, and always had the same duties as Plotkin. The CCD then forbid Plaintiff from using the Chief Hearing Officer title, despite the fact that it had provided Plaintiff with business cards and a recognition award that identified her as the Chief Hearing Officer and had annually evaluated her performance of both her administrative and hearing officer duties. In March 2016 and again in May 2016 the CCD threatened to change the classification and pay plan of the Hearing Officer position, which would drastically reduce the position's pay scale.

b. <u>Defendant the City and County of Denver ("the City")</u>: The City denies Plaintiff Valerie McNaughton's allegations generally and specifically denies that Plaintiff states any cognizable claim against it as a matter of law. Over the entire period of her employment,

Plaintiff has actually earned more than the male employee to whom she compares herself. Any differences in wage increases the City has paid Plaintiff and the male employee to whom she compares herself have not been based on gender but have been due to an objective market analysis and documented differences in performance. Additionally, Plaintiff did not engage in protected activity, and the City did not retaliate against Plaintiff in any manner. The City denies Plaintiff is entitled to any relief on any theory. As defenses and affirmative defenses, the City relies upon all of the defenses and affirmative defenses to be articulated in its Answer to Plaintiff's Complaint, which will be filed with the District Court no later than July 18, 2016.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Valerie McNaughton is a resident of the State of Colorado.

2. Defendant City and County of Denver (CCD) is a municipality in Colorado organized under the laws of the State of Colorado.

3. At all relevant times, Defendant CCD was covered by the definitions of "employer" set forth in 29 U.S.C. § 203(d) of the Fair Labor Standards Act, of which the EPA is a part, and 42 U.S.C. § 2000e(b) of Title VII.

4. CCD hired Plaintiff as a Hearing Officer on April 16, 2004.

5. CCD hired Bruce Plotkin as a Hearing Officer approximately two weeks after Plaintiff, i.e., in or around May 2004.

6. The Career Service Board ("CSB") evaluates Plaintiff and Plotkin.

7. In 2010, the CCD reclassified Plaintiff and Plotkin's positions and set both of their annual salaries at $102,009.

8. In 2010, based on a market survey, Plotkin's salary was increased from $95,512 to $102,099 while Plaintiff received no increase;

9. In 2011, based on respective performance reviews, Plotkin's salary was increased to $105,468 while Plaintiff's salary was increased from $102,009 to $104,958;

10. In 2012, based on respective performance reviews, Plotkin's salary was increased to $108,632 while Plaintiff's was increased to $106,217;

11. In 2013, based on respective performance reviews, Plotkin's salary was increased to $113,195 while Plaintiff's was increased to $106,670; and

12. In January 2014, based on respective performance reviews, Plotkin's salary was increased to $118,345 while Plaintiff's was increased to $114,030.

13. Plaintiff filed Charge of Discrimination Number 541-2014-00730 on February 19, 2014 with the U.S. Equal Employment Opportunity Commission in which she alleged that she was discriminated and retaliated against based on sex in violation of the Equal Pay Act and Title VII.

14. On February 26, 2016, the EEOC issued Plaintiff a Notice of Right to Sue in connection with Charge of Discrimination Number 541-2014-00730.

## 5. COMPUTATION OF DAMAGES

a. Plaintiff: Plaintiff's current economic losses due to the disparity in equal pay (and the corresponding adverse effect on Plaintiff's Denver Employees Retirement Plan) are estimated at $175,000 through the date of the Scheduling Conference. An additional $60,000 in losses in pay and benefits will be experienced through the date of her projected retirement, December 31, 2019. These disclosures are based on estimates only and do not include a calculation of interest. Plaintiff will supplement these disclosures through discovery and will be retaining an expert economist to calculate the exact losses.

Plaintiff also seeks an award of compensatory damages in the maximum amount allowed by law, as Defendant's actions have caused her significant emotional harm, as well as damage to her professional and personal reputation. Plaintiff also seeks liquidated damages, equitable, injunctive and declaratory relief, and an award of attorney fees and costs.

b. Defendant: Defendant is not claiming any damages from the Plaintiff at this time. However, Defendant reserves its right to seek its attorneys' fees and costs pursuant to applicable law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting: June 28, 2016.

b. Charlotte N. Sweeney, counsel for Plaintiff, and Timothy M. Kratz, counsel for Defendant, participated in the Rule 26(f) meeting.

c. Fed.R.Civ.P. 26(a)(1) disclosures were made by both parties on or before July 12, 2016.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

e. Statement concerning any agreements to conduct informal discovery: None.

f. Agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibits numbering system: The parties agree to use a unified exhibit numbering systems.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"), or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The parties agree to produce all electronically stored information in a PDF or TIF file format. The parties agree to confer regarding the production of information in Native format. Further, to avoid discovery disputes relating to electronic discovery, the Parties agree to attempt to resolve any such disputes in accordance with the U.S. District Court for the District of Colorado's Guidelines Addressing the Discovery of Electronically Stored Information (June 2015).

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving this case: the parties discussed the possibility of resolving the case through the use of a private mediator depending on the amount of Plaintiff's opening demand.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Neither party proposes to modify the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

b. The parties agree to limit the length of depositions to 7 hours per deponent.

c. The parties may propound 25 requests for production and 25 requests for admissions to each opposing party, absent leave of court.

d. Other Planning or Discovery Orders: Because of the likelihood that records containing financial and other confidential information will be produced during discovery, the parties anticipate filing a proposed Protective Order.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: August 26, 2016.

b. Discovery Cut-off: January 10, 2017.

c. Dispositive Motion Deadline: February 10, 2017.

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony if any:

<u>Plaintiff:</u> Plaintiff may call experts in the field of economics. Plaintiff reserves the right to supplement this disclosure.

<u>Defendants</u>*:*

2. The parties propose a limit of 2 expert witnesses per side, including rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 21, 2016.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 11, 2016.

e. Identification of Persons to Be Deposed:

1. Plaintiff – 7 hours
2. Bruce Plotkin – 4 hours
3. Colleen Rea – 4 hours
4. Patti Klinge – 4 hours

All depositions, including the experts, shall be completed by the discovery cut-off.

f. Deadline for Interrogatories: 33 days before the discovery cut-off.

g. Deadline for Requests for Production of Documents and/or Admissions: 33 days before the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____ ________________________________________________________________________.

b. A final pretrial conference will be held in this case on ____________ at________ o'clock __.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. There are no discovery or scheduling issues on which counsel were unable to reach an agreement.

b. The parties anticipate a 5 day jury trial.

c. The parties believe all proceedings may be most efficiently or economically conducted in the District Court's Denver facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __day of _____________, 2016.

BY THE COURT:

_________________________________________

United States Magistrate Judge Kathleen M. Tafoya

APPROVED:

s/Charlotte N. Sweeney
Charlotte N. Sweeney
Ariel B. DeFazio
Sweeney & Bechtold LLC
650 S. Cherry St., Ste 650
Denver, Colorado 80246
cnsweeney@sweeneybechtold.com
abdefazio@sweeneybechtold.com
Telephone: (303) 865-3733

Attorneys for Plaintiff

s/Timothy M. Kratz
Timothy M. Kratz
Jackson Lewis P.C.
950 17th Street, Suite 2600
Denver, CO 80202
Tim.Kratz@jacksonlewis.com
Telephone: (303) 876-2210

Attorneys for Defendant